J-S28038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :             PENNSYLVANIA
                                    :
             v.                           :
                                    :
                                    :
RAYNERDO J. JONES                   :
                                    :
             Appellant           :     No. 250 EDA 2024

Appeal from the PCRA Order Entered November 30, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003864-2017

BEFORE:  STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.:                 **FILED OCTOBER 15, 2024**

Raynerdo J. Jones ("Jones") appeals from the order dismissing his *pro se* petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

This Court previously set forth the relevant factual and procedural history underlying Jones' convictions, as follows:

> [I]n . . . 2016, . . . Hezekiah "Jeremiah" McCloud [("decedent")], was shot multiple times at 3816 North 18th Street in north Philadelphia, next to the home of Bettie "Tanya" Cuffee [("Cuffee")].  Responding officers encountered Gloria McCloud [("McCloud")] and Isrea Gilliard [("Gillard")] at the scene of the shooting, each of whom described the shooter as a light-skinned African-American male with facial tattoos.  Officers escorted McCloud and Gilliard to the Police Administration Building ("PAB") for questioning.
>
> At the PAB, Detective Freddie Mole [("Detective Mole")] showed each witness a single suggestive photo of [Jones], with

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

the notation "arrestee database."  Each witness separately stated that Cuffee argued with [Jones] immediately before the shooting and identified him by the photograph.

[Jones filed a motion to suppress the photo identifications.] During the suppression hearing, [Detective] Mole confirmed the single-photo procedure.  Gilliard testified that she recognized [Jones] because she had seen him coming and going numerous times from Cuffee's house over the previous six months.  McCloud testified that she did not personally know [Jones,] and had not seen him before the date of the incident.

[The trial c]ourt suppressed the out-of-court identifications of both McCloud and Gilliard.  Due to the suggestive photo procedure, McCloud was not permitted to make an in-court identification of [Jones].  [However, b]ecause Gilliard had an independent basis of identification from her prior interactions with [Jones], she was permitted to identify [him] in-court.

*See Commonwealth v. Jones*, 276 A.3d 253 (Pa. Super. 2022) (unpublished memorandum at **1-3), *appeal denied*, 284 A3d 118 (Pa. 2022).

In 2018, the matter proceeded to a jury trial.  At the conclusion of trial, the jury found Jones guilty of first-degree murder and related crimes.  The trial court imposed an aggregate sentence of life in prison followed by three to six years' imprisonment.  This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on July 24, 2019.  *See Commonwealth v. Jones*, 209 A.3d 1060 (Pa. Super. 2019) (unpublished memorandum), *appeal denied*, 216 A.3d 1034 (Pa. 2019).

Thereafter, Jones filed a counseled, timely PCRA petition which the PCRA court ultimately dismissed.  This Court affirmed the dismissal, and our Supreme Court denied allowance of appeal.  *See Jones*, 276 A.3d 253 (unpublished memorandum), *appeal denied*, 284 A3d 118.

On August 21, 2023, Jones filed the instant *pro se* petition, his second. Therein, Jones averred that: (1) trial counsel was ineffective for failing to investigate and present exculpatory evidence through a pretrial investigation of Detective Mole; and (2) that the Commonwealth committed a ***Brady***[2] violation by concealing Detective Mole's past misconduct, tampering with evidence, and deception to the courts.[3] Jones acknowledged that his petition was untimely, but claimed that he satisfied the newly-discovered fact exception by appending two affidavits to his petition, one from his girlfriend and the other from his brother. The affiants each attested that, in October 2022, they discovered an article on inquirer.com regarding an allegation of misconduct against Detective Mole in an unrelated 2018 criminal case against Marquise Noel. Jones appended to his petition articles published in 2018 and 2019 regarding such allegations.

The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, finding that it was untimely and that Jones had failed to satisfy the newly-discovered fact exception. Jones did not respond to the notice, and on December 14, 2023, the PCRA court entered an order dismissing the petition. Jones filed a timely notice of appeal. The PCRA court

_____

[2] ***See Brady v. Maryland***, 373 U.S. 83 (1963).

[3] In his petition, Jones additionally averred that trial counsel was ineffective for failing to object to a stipulation by the trial court judge. However, he did not identify the stipulation; nor did he raise this issue on appeal. Thus, as Jones has abandoned the issue, we need not address.

did not issue a Pa.R.A.P. 1925(b) order; therefore, Jones did not file a concise statement of errors complained of on appeal. However, the PCRA court authored a Rule 1925(a) opinion in which it detailed the basis for its dismissal order.

Jones raises the following issues for our review:

I.      Was trial counsel ineffective . . . for failing to investigate and present exculpatory evidence favorable to the defense?

II.     Did the prosecution violate **Brady** by concealing police misconduct of Detective [] Mole thus creating a due process violation?

Jones' Brief at 4.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date on which the judgment of sentence

becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the United States Supreme Court, or at the expiration of time for seeking such review. *See* 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

As indicated above, on July 24, 2019, our Supreme Court denied Jones' petition for allowance of appeal from this Court's decision affirming his judgment of sentence. As Jones did not petition the United States Supreme Court for review, his judgment of sentence became final ninety days later, on October 22, 2019. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* U.S. Sup. Ct. R. 13 (requiring appellant to file a petition for writ of *certiorari* in the United States Supreme Court within ninety days after entry of judgment by a state court of last resort). As a result, Jones had one year from that date, until October 22, 2020, to timely file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). As the instant petition was filed on August 21, 2023, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1). These exceptions are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

Relevantly, the newly-discovered fact exception excuses the untimeliness of a petition where the petitioner pleads and proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). Such due diligence requires "that the petitioner take reasonable steps to protect his own interests." **Commonwealth v. Myers**, 303 A.3d 118, 121 (Pa. Super. 2023). Importantly, the focus of the exception is on newly-discovered facts, not on newly-discovered or newly-willing sources that corroborate previously known facts or previously raised

- 6 -

claims. *See Commonwealth v. Robinson*, 185 A.3d 1055, 1064 n.4 (Pa. Super. 2018) (*en banc*). Further, to constitute such "facts," the information may not be part of the public record. *See Commonwealth v. Edmiston*, 65 A.3d 339, 352 (Pa. 2013).

Our Supreme Court has ruled that an allegation of misconduct by a police officer in an unrelated case does not constitute a newly-discovered fact under the PCRA. *See Commonwealth v. Castro*, 93 A.3d 818, 825-27 (Pa. 2014). The *Castro* Court explained that a newspaper "article contain[ed] allegations that suggest such evidence *may* exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation" and generally constitute inadmissible hearsay. *Id*. at 825 (emphasis added); *see also Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008) (holding that a claim based on inadmissible hearsay does not satisfy the "newly-discovered fact" exception). Instead, the High Court determined that the newspaper article merely referenced information which *could* potentially lead the petitioner to discover "facts." *Castro*, 93 A.3d at 827. Thus, where a source merely provides a starting point for a defendant to investigate and discover additional sources of new facts, that source does not constitute a newly-discovered fact—but *may* simply lead a defendant to a newly-discovered fact. *See Commonwealth v. Brown*, 141 A.3d 491, 503 (Pa. Super. 2016).

As a threshold matter, we must determine whether we have jurisdiction to consider the merits of Jones' facially untimely PCRA petition. As explained above, the PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Albrecht*, 994 A.2d at 1093.

Here, the PCRA court determined that Jones failed to satisfy the newly-discovered fact exception. The court reasoned:

> [Jones'] . . . claims . . . fail to satisfy the newly-discovered fact exception as he has not pled and proved that he exercised due diligence in discovering the allegations of misconduct against Detective Mole. [Jones] claims that his brother, Larry Jackson, and his paramour, Marktina Cuffee, provided him with evidence of Detective Mole's misconduct in another defendant's case. The attached affidavits of Jackson and Cuffee do not state when they discovered this evidence, but Cuffee's affidavit states that she sent it to [Jones] on October 17, 2022. [Jones] attached articles published on December 20, 2018 and February 25, 2019 describing Detective Mole's involvement in a warrantless search of a cell phone in [an unrelated] case.
>
> The affidavits of Jackson and Cuffee state that these articles were discovered when they did research on [Jones'] case. [Jones] could have discovered these allegations more than three years before October 2022 by making a reasonable effort to discover them. He failed to provide any details about any efforts he took to discover these allegations or offer any explanation as to why these facts could not have been discovered earlier. As he has failed to establish due diligence, his claims do not satisfy the newly-discovered fact exception.
>
> These claims are also untimely as the misconduct of Detective Mole in [Jones'] case was known to him at the time of trial. Following the shooting, Detective Mole showed witnesses Gloria McCloud and Isr[ae] Gilliard a single suggestive photo of [Jones] when they identified [him]. [Jones] filed a motion to suppress the witnesses' out-of-court identifications and sought to preclude them from identifying [him] in court. This court granted

[Jones'] motion and suppressed both witnesses' out-of-court identifications. This court did not permit McCloud to make an in-court identification of [Jones], but permitted Gilliard to identify [Jones] because she had an independent basis of identification from her prior interactions with him. As [Jones] was aware of [Detective Mole's] misconduct and was granted relief based on this misconduct, [Jones'] claims do not meet the newly-discovered fact exception.

Trial Court Opinion, 12/4/23, at 7-8 (unnecessary capitalization omitted).

Based on our review, we similarly conclude that Jones failed to satisfy the newly-discovered fact exception, although on a slightly different basis. As explained above, an allegation of misconduct by a police officer in an unrelated case does not constitute a newly-discovered fact under the PCRA. *See Castro*, 93 A.3d at 826 (noting that "[s]peculation is no more valuable than allegation"). Thus, Jones' discovery of an allegation of misconduct by Detective Mole in an unrelated criminal investigation does not constitute "evidence," and instead constitute inadmissible hearsay which cannot qualify as a newly-discovered fact. *See Abu-Jamal*, 941 A.2d at 1269.[4] Thus, Jones failed to identify any "fact" which could satisfy the newly-discovered fact exception.[5]

_____

[4] We note that, other than the unduly suggestive photo identification procedure which resulted in the suppression of the identifications Detective Mole obtained from McCloud and Gilliard, Jones does not identify any other connection to or involvement in his case by Detective Mole.

[5] Moreover, even if Jones' discovery of such unrelated misconduct by Detective Mole could have qualified as a newly-discovered fact, which it does not, Jones failed to establish that he acted with due diligence. Jones was aware of
*(Footnote Continued Next Page)*

Having determined that Jones' petition was untimely filed and that he failed to satisfy any exception to the PCRA's one-year time bar, we conclude that the PCRA court lacked jurisdiction to consider it. Accordingly, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2024

_____

Detective Mole's misconduct in his **own** case at the time of the trial court's suppression ruling on April 23, 2018, wherein the court specifically determined that Detective Mole's photo identification procedure was unduly suggestive. Thus, had Jones acted with due diligence in investigating whether Detective Mole had engaged in misconduct in other cases, he could have discovered the subject 2018 and 2019 articles prior to the expiration of the time in which he had to file a timely PCRA petition on October 22, 2020. **See** Rule 907 Notice, 10/27/23 (stating, "after your April 2018 trial, you should have discovered these articles through the exercise of due diligence almost five years ago").